**In the Matter of Kenneth R. PAUL and Sharon J. Paul, Debtors.**

**Bankruptcy No. BK85–2374.**

United States Bankruptcy Court, D. Nebraska.

May 29, 1986.

Patricia Knapp of Bailey, Polsky, Cada, Todd & Cope, Lincoln, Neb., for debtors.

Richard P. Garden, Jr., of Cline, Williams, Wright, Johnson & Oldfather, Lincoln, Neb., for creditor, American Charter Federal Sav. & Loan Ass'n.

Kenneth E. Shreves, Omaha, Neb., trustee.

## MEMORANDUM OPINION

TIMOTHY J. MAHONEY, Bankruptcy Judge.

This matter was considered by the Court upon a stipulation of facts submitted by the parties on March 6, 1986, and briefs filed by the parties.

### Findings of Fact

The debtors executed a variable rate Note and granted American Charter a Deed of Trust conveying certain real property, both on July 17, 1981. The real property is the principal residence of the debtors.

American Charter is the holder of a secured claim evidenced by the Note and Deed of Trust. The debtors were in default on the Note and Deed of Trust prior to filing this Chapter 13 case and American Charter had exercised its rights under the Note and Deed of Trust, accelerated the indebtedness and set a trustee's sale for November 12, 1985.

The debtors filed their Chapter 13 case on October 17, 1985, and thereby stayed the trustee's sale of the real property.

The debtors' plan proposes to de-accelerate the obligation and keep all future monthly payments current. It proposes to pay the amount presently in arrears over the three-year life of the plan. The plan does not specify the rate of interest to be paid on the arrearage and because of that failure American Charter filed its objection to the plan.

All arrearages include unpaid interest at the contract rate, principal and the late charges.

The parties have stipulated concerning various interest rates which they desire the Court to consider, with the debtor urging the Court to require a minimum interest rate and the creditor urging the Court to require the contract interest rate or some other rate higher than the minimum. Those rates are as follows:

1. the average yield of United States Treasury Bonds on February 25, 1986, was 7.97%;

2. the current contract rate on the Note executed by the Pauls is 15.75%;

3. the current market rate of interest for a thirty-year fixed rate mortgage loan is 10.125%, not including origination;

4. the current market rate of interest for a three-year fixed rate loan secured by a real estate mortgage is 10.75%.

### Issue

What is the appropriate interest rate to be paid by the debtor on an amount equal to the arrearage on a note secured by a deed of trust, which arrearage includes principal, interest and late charges?

### Decision

The debtors must pay the current market rate on a comparable loan which in this case is 10.75%.

### Conclusions of Law and Discussion

Section 1325(a)(5)(B) requires the Court to confirm a Chapter 13 plan if the plan provides that the holder of an allowed secured claim shall retain the lien securing such claim and the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim. This means that some form of interest must be paid over the life of the plan on the amount which the debtor is paying on a deferred basis to the holder of an allowed secured claim. This Court, by Judge Crawford, in the case of *In re Scovill,* 6 C.B.C.2d 315, 18 B.R. 633 (Bankr.Neb.1982), held that an interest rate must reflect the economic climate on the effective date of the plan and hence, § 1325(a)(5)(B) requires that the debtor must pay "a current market rate of interest for the type of secured loan under consideration". *Id.* at 634.

The Eighth Circuit Court of Appeals recently held that the rate of interest on deferred payments of delinquent federal taxes which would provide the United States with the present value of its claim as required under 11 U.S.C. § 1129(a)(9)(C) for confirmation of a debtor's reorganization plan is the prevailing market rate on a comparable loan. See *United States of America v. Neal Pharmacal Company,* 789 F.2d 1283 (8th Cir.1986). In that case, although the Government wanted the Court to require a Chapter 11 debtor to pay interest on its tax priority claim pursuant to § 26 U.S.C. § 6621 (1982) which is a rate based upon a six-month average of the prime rate quoted by commercial banks to large businesses. The debtor, on the other hand, desired to pay an interest rate which represented the Government's cost of money, which would fluctuate over the years and would be much lower than the § 6621 rate.

The Court concluded that "the debtor must pay the governmental unit interest on the deferred payments at the 'prevailing market rate' for a loan with a term equal the payout period in the particular case, with due consideration to the existence and quality of any security and the risk of subsequent default". Page 12, Slip Opinion.

Since under 11 U.S.C. § 1325(a)(5)(B) a debtor in a Chapter 13 case is required to give the creditor its present value in the language of the Code section is almost identical to that of 11 U.S.C. § 1129(a)(9)(C) which the Eighth Circuit has recently construed, the Court determines that the *Neal Pharmacal Company* case analysis applies to this case presently under consideration. Therefore, the debtor in this case must pay the secured creditor interest on the de-

ferred payments at the "prevailing market rate" for a loan with a term equal to the payout. In the particular case, with due consideration to the existence and quality of any security and the risk of subsequent default. The prevailing market rate for a three-year fixed rate loan secured by a real estate mortgage is 10.75%. The security offered to the creditor is a Deed of Trust which for the purposes of this case is equivalent to a real estate mortgage. The Court has no evidence before it of the risk of nonpayment, except for the fact that the debtors were in default prior to the filing of the Chapter 13 case and are still in default following the filing. In other words, the risk of nonpayment is real.

In conclusion, the objection to the plan is sustained. The plan shall be confirmed upon amendment which includes an interest rate payable to the secured creditor on the amount in arrears at the rate of 10.755 per annum over the life of the plan. Debtors have thirty days in which to amend the plan or the case is dismissed.

Separate Journal Entry shall reflect the ruling.